The Full Commission has reviewed the prior Decision and Order based on the record of the proceedings before Deputy Commissioner Berger and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the prior Decision and Order except for minor modifications. The Full Commission therefore affirms the Decision and Order of the Deputy Commissioner.
***********
Based upon all of the competent evidence of record and the reasonable inferences arising therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On March 7, 1997, plaintiff was transferred from Central Prison to the Pasquotank Correctional Center. Plaintiff orally told an unidentified correction officer the address where he wanted his civilian clothes to be sent, shouting the request to the unidentified Corrections officer out the window of the bus as it pulled out from Central Prison headed to the Pasquotank Correctional Center.
2. Ten days later, someone from Central Prison mailed the plaintiffs civilian clothes to the address that was thought to be the place plaintiff wanted his clothes sent. Plaintiff testified that the clothes were sent to the wrong address. This inadvertent error was caused by plaintiffs failure to put his request in writing.
3. Plaintiff s testimony was such that it was difficult to understand his pronunciations at times. Plaintiffs writings in the papers he has filed in this action were likewise hard to decipher. The taking of an incorrect address by the unidentified officer resulted from a lack of clarity in the plaintiffs speech, failure of plaintiff to put the request in writing, as well as the circumstances under which he chose to communicate — all of which can be attributed to the contributory negligence by the plaintiff.
4. On or about June 23, 1997, correction officers conducted a shakedown of a group of inmates cells including plaintiffs cell. A homemade corncob pipe was confiscated from one of these cells. Plaintiff claimed the confiscated pipe was his. However, the confiscated pipe was not the same pipe that plaintiff purchased from the prison canteen and plaintiff failed to prove that the confiscated pipe was his property.
5. There is insufficient evidence of record that the defendant had any duty to protect or take care of the plaintiffs pipe.
6. There is insufficient evidence of record to support a finding that the process by which the shakedown took place resulted in the loss of plaintiffs pipe.
***********
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff has failed to show by the greater weight of the evidence that the defendant by and through any of its employees had engaged in any negligent action that resulted in the loss of any of plaintiffs property
2. On March 7, 1997, plaintiff was contributorily negligent in his failure to take the reasonable measure to put in writing the address where he wanted his clothes to be sent. Furthermore, plaintiffs claim must be dismissed because he failed to name any employee of the Department of Correction as a party who committed any act of negligence in the handling of his clothes. N.C. Gen. Stat. 143-299; 143-297(2).
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 DECISION
1. Plaintiffs claim involving postage stamps is HEREBY DISMISSED WITHOUT PREJUDICE.
2. Plaintiffs claim involving the loss of a pipe is HEREBY DENIED.
3. Plaintiffs claim in involving the loss of clothes is HEREBY DENIED.
4. No costs are assessed.
This 23rd day of May 2000.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/_______________ LAURA K. MAVRETIC COMMISSIONER
S/_______________ DIANNE C. SELLERS COMMISSIONER